UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 14-cr-20425-6

v.                                     Judith E. Levy
                                       United States District Judge

Devin Dantzler,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [572] AND DENYING HIS AMENDED MOTION [579]**

Before the Court is *pro se* Defendant Devin Dantzler's motion to vacate his sentence. (ECF No. 572.) Defendant also filed a motion to amend/correct his motion to vacate his sentence. (ECF No. 579.) For the reasons set forth below, Defendant's motion to vacate and the motion to amend are denied.

**I.   Background**

Defendant pleaded guilty to a RICO conspiracy on January 17, 2017, as set forth in the Third Superseding Indictment. (ECF No. 273).

His plea agreement included an agreed-upon sentence of 30 years. (ECF No. 323, PageID.1391).

In exchange for Defendant's plea, the government agreed to dismiss all remaining charges against Defendant. (*Id.* at PageID.1393.) Defendant waived his right to appeal his conviction "on any grounds," but he did not waive his right to file an ineffective assistance of counsel claim. (ECF No. 323, PageID.1394.)

On June 28, 2017, the Court sentenced Defendant to 30 years imprisonment, as set forth in the plea agreement. The judgment was entered on June 29, 2017. (ECF No. 366).

Defendant brought his motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, he argues that his counsel was ineffective for the following reasons.

First, he argues that when his counsel was appointed, "the United States Marshalls [sic] violated my right to a lawyer. 'Telling me' [t]hat he can't pull one out of the closet that I might as well waive my rights." (ECF No. 572, PageID.3784.)

Second, he argues that his lawyer was ineffective because his lawyer "waived [Defendant's] Preliminary Exam Hearing without [Defendant's] [k]nowing." (*Id.* at PageID.3785.)

Defendant's third argument that his counsel was ineffective is that his attorney "did NOT argue any downward departure for my mental health problems." (*Id.* at PageID.3786.)

The United States responded to Defendant's motion arguing that Defendant's motion is untimely and meritless. (ECF No. 578.)

Defendant filed a motion to amend, which contains supplemental arguments in support of his motion to vacate. (ECF No. 579.) In his motion to amend, Defendant argues that *United States v. Laurent*, 33 F.4th 63 (2nd Cir. 2002), requires that the Court vacate his sentence.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized

3

by law, or is otherwise subject to collateral attack." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)).

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

To prevail under § 2255 on an ineffective assistance of counsel claim, "[petitioner] must establish (1) that his lawyer's performance was deficient as compared to an objective standard of reasonable performance, and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

When a court evaluates an ineffective assistance of counsel claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689. "When a convicted defendant

complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88.

Review of counsel's performance "must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight." *Id.* at 689. As to the requirement that a defendant show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### III. Analysis

#### A. Timeliness

Defendant's arguments are untimely. Defendant's judgment was entered on June 29, 2017. (ECF No. 366.) He did not appeal and therefore his judgment became final on July 13, 2017 (which is 14 days after entry of the judgment). Fed. R. Civ. P. 4(b)(1)(A). There is a "1-year period of limitation" that applies to a motion brought under 28 U.S.C. § 2255, which runs from "the date on which the judgment of conviction becomes final."

Accordingly, Defendant had until July 13, 2018, to file this motion. Defendant filed this motion on March 28, 2022. It is not timely and is denied on this basis.

### B. Merits

Even if Defendant's motion had been timely, it is denied on the merits. As set forth above, Defendant has the burden of showing: "(1) that his lawyer's performance was deficient as compared to an objective standard of reasonable performance, and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him." *Arredondo*, 178 F.3d at 782.

Defendant's first argument, that "the United States Marshalls [sic] violated my right to a lawyer when they '[told] me' [t]hat he can't pull one out of the closet that I might as well waive my rights." (ECF No. 572, PageID.3784) is not adequately explained or supported. Nor does Defendant set forth how his lawyer and/or the United States Marshals Service prejudiced him.

Defendant's second argument, that his attorney improperly waived his preliminary examination, is also denied. As the United States explains in its response brief, Defendant was indicted. (ECF No. 45.)

6

Accordingly, there was no preliminary examination hearing, much less one that was improperly waived. *See* Fed. R. Crim. P. 5.1(a)(2).

Defendant's third argument, that his counsel did not "argue any downward departure for [Defendant's] mental health problems," is also rejected. (ECF No. 572, PageID.3786.) Defendant agreed to 360 months imprisonment as part of his Rule 11 plea agreement. (ECF No. 323, PageID.1392.) He also agreed that the "only reason" that he could withdraw from the plea agreement or appeal is if the Court imposed a sentence "higher than a term of imprisonment of thirty years." (*Id.* at PageID.1394.)

The plea agreement's terms are unambiguous. The agreement, along with the transcript of Defendant's sentencing hearing, where he stated that he wished to maintain his guilty plea, make it clear that Defendant knowingly and voluntarily waived his right to challenge his thirty-year sentence. (*See id.*; *see also* ECF No. 597.) *See United States v. Stevenson*, 96 F. App'x 315, 315 (6th Cir. 2004) (finding that a plea agreement is a "contractual bargain" and that a waiver of a defendant's right to appeal a sentence is enforceable). Moreover, Defendant was

7

deemed to be competent to offer a change of plea. Accordingly, Defendant's third argument in his motion to vacate is denied.

Next is Defendant's motion regarding the impact of *United States v. Laurent*, which is suggests requires that his sentence be vacated. *Laurent* is inapplicable and Defendant's argument is denied for the reasons set forth below.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court limited the offenses that qualify as "crimes of violence." After *Davis* was decided, the Second Circuit evaluated whether a RICO conspiracy qualifies as a "crime of violence." *United States v. Capers*, 40 F.4th 105, 117 (2nd Cir. 2021). The Second Circuit found that, "the mere *agreement* to commit such crimes does not require the use of force—or any action beyond the agreement itself—and therefore is not categorically a violent crime." *Id.* at 118–19 (emphasis in original).

After *Capers* was decided, the defendants in *Laurent*, who were convicted by a jury on charges of a RICO conspiracy, argued that their jury verdicts constituted a legal error. The error, they argued, derived from the fact that the jury found "the essential element of a crime of violence" when it found them guilty of a RICO conspiracy. *Laurent*, 33

F.4th at 86. And, after *Capers*, a RICO conspiracy in the Second Circuit "cannot constitute a crime of violence."[1] *Id.*

Defendant argues that under *Laurent*, his RICO conspiracy "cannot be a crime of violence" and his trial lawyer was "fully aware of this" and "ineffective for not bringing to light" the *Laurent* case. (ECF No. 579, PageID.3813.) This is incorrect. First, *Laurent* is a Second Circuit case, and Defendant's case was tried here in the Sixth Circuit. Second Circuit cases are not binding on the Sixth Circuit. Second, *Laurent* involved a jury trial and conviction, while Defendant's case involved a Rule 11 plea agreement. This distinction is determinative of the outcome. Moreover, the RICO count in this case includes a crime of violence – the murder of Mr. Al-Yasiry. (*See* ECF No. 323, PageID.1389–1391.)

In the Sixth Circuit, when a defendant enters into a plea agreement and knowingly and voluntarily waives their appellate rights regardless

---

[1] Ultimately, the Second Circuit found that the district court did not err in allowing the jury to find "that a substantive RICO violation served as a crime of violence" in *Laurent* because the racketeering charges against the defendants were "predicated on at least one crime of violence." *Id.* at 90. In other words, even though a RICO conspiracy is no longer *categorically* a "crime of violence" in the Second Circuit, it can still qualify as one if the conspiracy is predicated on an underlying crime of violence. The *Laurent* defendants' convictions on the RICO charges were undisturbed. *Id.* at 90–93.

of later developments in the law, the defendant will be bound by their obligations under the plea agreement. *See Portis v. United States*, 33 F.4th 331 (6th Cir. 2022). "Plea bargains always entail risks." *Id.* at 335 (internal citations omitted). "[I]f courts disturb the parties' allocation of risk in an agreement, they threaten to damage the parties' ability to ascertain their legal rights when they sit down at the bargaining table." *Id.* And the "principle that future changes in law do not vitiate [post-conviction challenge waivers] is mainstream." *Id.* Plea agreements, therefore, do "not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.*

To be clear, the Court does not agree with Defendant that his plea rested on a faulty premise in this case. But even if it did, the Court would be obligated to uphold the parties' agreement, except under very limited circumstances that are not present here (*i.e.*, if the government breached the agreement or the defendant's waiver was "infected by race discrimination." *Id.* at 335.).

Here, Defendant knowingly, voluntarily, and intelligently entered a guilty plea under a Rule 11 plea agreement. Under the agreement, Defendant received the benefit of the bargain: that is, the United States

10

dropped other pending charges against Defendant in exchange for his plea. Defendant agreed not to appeal except under limited circumstances that are not applicable here. Accordingly, the Court rejects Defendant's arguments that his conviction should be vacated based on the Second Circuit's decision in *Laurent*.

## IV. Conclusion

Accordingly, Defendant's motion to vacate and its amendment (ECF Nos. 572, 579) is denied.

IT IS SO ORDERED.

Dated: December 21, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager