UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 14-cr-20425

v.                                    Judith E. Levy
                                    United States District Judge

Devin Dantzler,

                Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [603]

Before the Court is *pro se* Defendant Devin Dantzler's motion for reduction of sentence or compassionate release. (ECF No. 603.) This is Defendant's third motion for compassionate release. The Court denied without prejudice his first two motions for compassionate release. (ECF Nos. 490, 510.)

Compassionate release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a

sentence] reduction.'" *Id.* (alteration in original). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

In cases where an incarcerated person files a motion for compassionate release, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* at 519–20 (quoting *Jones*, 980 F.3d at 1101).

In the present motion, Defendant argues that (1) his conduct in prison should not prevent his release, (2) he is still at risk from COVID-19 even though he is fully vaccinated, and (3) he was wrongfully convicted and received a longer sentence than he should have. (ECF No. 603.)

The Court denied Defendant's second motion for compassionate release because his health conditions did not rise to the level of an "extraordinary and compelling" reason for release. As the Court noted

2

before, Defendant is fully vaccinated for COVID-19 and has been able to manage his asthma. For the same reasons, the Court finds that Defendant's health conditions do not present "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant's argument that he was wrongfully convicted and received an excessive sentence is also not an extraordinary and compelling reason for release. *See United States v. Mukherjee*, 614 F. Supp. 3d 560, 568 (E.D. Mich. 2022) ("Defendant claims he was wrongfully convicted and received an excessive sentence. But sentencing errors are not extraordinary or compelling reasons for compassionate release.")

Because Defendant cannot demonstrate "extraordinary and compelling reasons" that warrant release, the Court need not address the other requirements for compassionate release under § 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. For the reasons stated above, Defendant's motion for compassionate release is denied.

    IT IS SO ORDERED.

Dated: August 22, 2023        s/Judith E. Levy
   Ann Arbor, Michigan       JUDITH E. LEVY

                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2023.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager