UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,        Case No. 14-20425-6

v.                                 Judith E. Levy
                                 United States District Judge

Devin Dantzler,

                                 Mag. Judge David R. Grand

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 60(B)(5), (6) [606]**

Before the Court is *pro se* Defendant Devin Dantzler's motion "pursuant to 60(b)(5), (6)." (ECF No. 606.) Defendant seeks relief from the Court's order denying his motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 602.) For the reasons set forth below, Defendant's motion is DENIED.

**I.    Background**

Defendant pled guilty to a RICO conspiracy on January 17, 2017, as set forth in the Third Superseding Indictment. (ECF No. 273.) His plea agreement included an agreed-upon sentence of 30 years. (ECF No. 323,

PageID.1391.) In exchange for Defendant's plea, the government agreed to dismiss all remaining charges against him. (*Id.* at PageID.1393.) Defendant waived his right to appeal his conviction "on any grounds," but he did not waive his right to file an ineffective assistance of counsel claim. (*Id.* at PageID.1394.)

On June 28, 2017, the Court sentenced Defendant to 30 years imprisonment, as set forth in the plea agreement. The judgment was entered on June 29, 2017. (ECF No. 366.)

Defendant's deadline to file a motion to vacate under § 2255 was July 13, 2018. (ECF No. 602, PageID.3969.) However, Defendant filed the motion on March 27, 2022, over three and a half years late. (ECF No. 572.) The Court denied his motion on December 21, 2022. (ECF No. 602.) The Court denied the motion because it was untimely. (*Id.*)

Here, Defendant brings a "motion pursuant to 60(b)(5), (6)." (ECF No. 606.) In this motion, Defendant requests that the Court "use[] its equitable powers vested in it through 60(b)(5) or (6), and toll the time for [Defendant] to proceed with a timely [§] 2255 [motion]." (*Id.* at PageID.4017.)

II. **Legal Standard**

Federal Rule of Civil Procedure 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceedings" under limited circumstances. Fed. R. Civ. Pro. 60(b). Rule 60(b) applies in habeas corpus proceedings brought under 28 U.S.C. § 2255, but "only to the extent that it is not inconsistent with applicable federal statutory provisions and rules" such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal quotation marks omitted)). Under AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). If a petitioner files a second or success § 2255 motion without authorization from the Sixth Circuit, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also In re Nailor*, 487 F.3d at 1022–23.

**III. Analysis**

3

A.   **Defendant's motion is not a second § 2255 motion**

Defendant's motion is not a second or successive § 2255 motion. Thus, the Court is not required to transfer the document to the Sixth Circuit Circuit. *In re Sims*, 111 F.3d at 47.

The Sixth Circuit has held that a Rule 60(b) motion is actually a second or successive habeas application when "it seeks vindication of or advances one or more claims" attacking the conviction. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (quoting *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (internal quotation marks removed)). A Rule 60(b) motion "does not seek to advance new claims when [the] motion merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* (quoting *Post*, 422 F.3d at 424 (internal quotation marks removed)).

Defendant's motion does not attack the Court's determination of his § 2255 motion on the merits, nor does it raise a new claim for relief; instead, it solely seeks equitable tolling of the one-year limitations period under § 2255. As such, the Court can only read it as a Rule 60(b)(6) motion. *See In re Nailor*, 487 F.3d at 1023 (finding that the Rule 60(b)(6)

4

motion was actually a second or successful habeas petition because it could be read as challenging the merits of the district court's determination or raising a new claim for relief).

The declaration of Blake Sandlain, which is attached to the motion, indicates that Sandlain believes there are additional ineffective assistance of counsel arguments that Defendant should be permitted to raise. (ECF No. 606, PageID.4018–4019 (stating that "counsel never went over the (P.S.R.) with [Defendant]" and that the Court "never inquired from [Defendant] did his counsel go over the (P.S.R.) with him").) However, these arguments are not raised in the Defendant's motion and the Court will not consider them part of the pending motion. Defendant's motion only argues that his "mental incompetence" caused him to miss the deadline to file a § 2255 motion and that the Court should reconsider its judgment that the § 2255 motion was untimely. (ECF No. 606, PageID.4014–4015.)

Thus, the Court has jurisdiction over Defendant's Rule 60(b) motion and may reach its merits.

### B. Equitable tolling of the 1-year deadline would not result in a different outcome

Defendant argues that the Court should exercise its discretion to allow equitable tolling of the one-year deadline to file a § 2255 motion under Rule 60(b)(5) or (6). (ECF No. 606.) However, even if the Court granted the present motion, the outcome of Defendant's § 2255 motion would remain the same.

The Court denied Defendant's § 2255 motion on the basis of its untimeliness. (ECF No. 602, PageID.3969.) However, the Court also stated that the motion would have been denied on the merits. (*Id.*)

To the extent that Defendant is interested in bringing new § 2255 arguments for habeas relief, Defendant is required to seek authorization from the Sixth Circuit for filing. *See* 28 U.S.C. § 2255; *In re Nailor*, 487 F.3d at 1023.

### C. Defendant does not meet the burden of equitable tolling

Finally, Defendant has not sufficiently demonstrated that the Court should grant equitable tolling of the one-year deadline to file a § 2255 motion under Rule 60(b)(5) or (6). Defendant claims that he failed to meet the deadline due to an "'extraordinary circumstance' beyond his

6

control." (ECF No. 606, PageID.4015.) The extraordinary circumstance is his "mental incompetence," as he takes "15 milligrams of Buspar psychotropic medication three times a day, which had an effect on him remembering his [§] 2255 deadline." (*Id.* at PageID.4016.) Additionally, Defendant claims that "[i]t was not until [Defendant's] deadline [sic] to file his [§] 2255 had elapsed, that the inmate on the enclosed affidavit offered to assist [Defendant], as the inmate is well versed with presenting the law." (*Id.*)

      *i.*    *Defendant's motion was filed within a reasonable time*

A motion under Rule 60(b)(5) or (6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). This standard is "more forgiving" than the deadline for a motion under Rule 60(b)(1)–(3), which must be filed within a year. *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 847 (6th Cir. 2017) (citing Fed. R. Civ. P. 60(c)(1)).

The order that Defendant challenges was entered on December 21, 2022, and Defendant's motion was filed on March 18, 2023. Defendant filed his motion less than three months after the order was entered. The Court finds that Defendant's motion was filed within a reasonable time.

      *ii.*    *Rule 60(b)(5)*

Under Rule 60(b)(5), the Court may relieve a party when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Defendant seeks application of Rule 60(b)(5) under the last situation, because he claims that "applying it's [sic] judgment would be prospectively no longer equitable." (ECF No. 606, PageID.4016.)

This part of Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation marks removed)). Importantly, this section "applies to any judgment that has a prospective effect," not "judgments that offer a present remedy for a past wrong." 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2863 (3d ed. 2023) (Judgment Satisfied or No Longer Equitable). "That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Twelve John*

8

*Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). "The essential inquiry into the prospective nature of a judgment revolves around whether it is executory or involves the supervision of changing conduct or conditions." *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (quoting *Twelve John Does*, 841 F.2d at 1139 (internal quotation marks omitted)).

The Court's order dismissing Defendant's § 2255 motion does not have prospective application and, thus, cannot be challenged under Rule 60(b)(5). The dismissal of a case is "not the type of prospective judgment that may be challenged under Rule 60(b)(5)." *Casasanta v. Federal Nat. Morg. Ass'n*, 591 F. App'x 464, 465 (6th Cir. 2015); *see also Twelve John Does*, 841 F.2d at 1139 (concluding that the order dismissing a party did not have the "requisite prospective application" because dismissal did not require the court to supervise any "continuing interactions" involving the dismissed party, nor did itcompel the dismissed party to perform or not perform any future act).[1] Thus, Defendant's motion under Rule 60(b)(5) is denied.

---

[1] This is in contrast to a court's granting of a conditional writ of habeas corpus, which has been found to have prospective application. *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008) (holding that a conditional writ of habeas corpus "quite

### iii. *Rule 60(b)(6)*

Under Rule 60(b)(6), the Court may grant a party's motion for relief from judgment for "any other reason that justifies relief." The Sixth Circuit takes a strict approach to application of Rule 60(b)(6). "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of [Rule 60(b)(6)], which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). Rule 60(b)(6) requires "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden,* 738 F.3d 741, 750 (6th Cir. 2013)

---

clearly involves the supervision of changing conduct or conditions") (internal quotation marks removed). In *Harvest*, the conditional writ involved continued supervision and, thus, was proper for a Rule 60(b)(5) motion.

10

(quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). Extraordinary circumstances that would justify Rule 60(b)(6) relief "rarely occur[s] in the habeas context." *Gonzalez*, 545 U.S. at 535.

Defendant has not demonstrated extraordinary circumstances that would justify relief under Rule 60(b)(6) because he cannot show that he is entitled to equitable tolling of the statute of limitations. *See United States v. Stone*, 68 F. App'x 563, 566 (6th Cir. 2003); *Daniels v. Collins*, No. 19-3819, 2019 WL 8059531, at *2 (6th Cir. Dec. 3, 2019).

Defendant's argument for application of Rule 60(b)(6) is unclear. He states,

> It is well established that a change of decisional law is usually not, by itself, an extraordinary circumstance, meriting Rule 60(b)(6) relief. . . . Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief in a habeas corpus context."

(ECF No. 606, PageID.4016 (citing *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519 (6th Cir. 2001) and *Mitchell v. Genovese*, 974 F.3d 638, 640 (6th Cir. 2020)). It is unclear what "change of decisional law" Defendant refers to, because Defendant has not pointed to any change in law since the Court's December 21, 2022 order dismissing his habeas petition.

11

A petitioner is entitled to equitable tolling of AEDPA's one-year limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Sixth Circuit has held that, "[t]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata*, 662 F.3d at 742. "[A] causal link between the mental condition and untimely filing is required." *Id.*

Assuming that Defendant has shown that he is mentally incompetent, he has not shown a causal link between his mental incompetence and the untimely filing of his § 2255 motion. Defendant states that "his mental incompetence in fact caused him to fail to meet [the § 2255 deadline]." (ECF No. 606, PageID.4015.)

He explains this "causal link" by citing a presentence report docketed on December 20, 2019, from Defendant's criminal proceedings in the Southern District of West Virginia, but does not provide it to the

12

Court. *United States v. Dantzler*, 1:19-cr-00190-1 (S.D. W. Va.). Defendant, in the explanatory parenthetical for the presentence report, states that the medication "had an effect on him remembering his 2255 deadline." (ECF No. 606, PageID.4016.) Additionally, the attached Declaration of Blake Sandlain states that Sandlain, who was incarcerated with Defendant, was told by other inmates that Defendant is "on that crazy medication and forgets" to eat with them at the dining hall. (*Id.* at PageID.4018.)

Defendant's allegations regarding his mental incompetency and the casual effect of his mental incompetency are conclusory. Defendant states that he is mentally incompetent because of his medication, and that the medication "had an effect" on his ability to remember the § 2255 deadline. (*Id.* at PageID.4016.) However, Defendant has not made "a threshold showing of incompetence, nor has demonstrated that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). There is no evidence that he was on this medication between June 28, 2017, and July 13, 2018 (when a § 2255 motion would have been timely), nor that the medication caused him to not remember filing deadlines. Defendant

13

states that the medication "had an effect on him remembering his 2255 deadline" and that it "interfered with his ability to file a timely 2255," but presents no evidence to support either of these claims. (ECF No. 606, PageID.4016–4017.) The Declaration of Blake Sandlain is unhelpful as well. The declaration only establishes that inmates around Defendant told Sandlain that they thought Defendant was on medication and thought that the medication made Defendant forgetful. (*Id.* at PageID.4018.)

Defendant does not make a showing of his mental incompetency nor that his mental incompetency caused him to miss the filing deadline. Defendant has not demonstrated extraordinary circumstances warranting equitable tolling of the one-year deadline for a §2255 motion. Defendant's motion under Rule 60(b)(6) is denied.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion pursuant to Rule 60(b)(5) and (6).

IT IS SO ORDERED.

Dated: December 5, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

14

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
