UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,      Case No. 14-20425-6

v.                               Judith E. Levy
                                United States District Judge

Devin Dantzler,
                                Mag. Judge David R. Grand

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND FOR APPOINTMENT OF COUNSEL [610]

Before the Court is *pro se* Defendant Devin Dantzler's motion "for ineffective assist[a]nce of counsel under [§] 3582(c)(1)(A)." (ECF No. 610.) Defendant also asks for an attorney to be appointed to represent him. (*Id.* at PageID.4042.) For the reasons set forth below, Defendant's motion is DENIED.

Defendant pled guilty to a RICO conspiracy on January 17, 2017, as set forth in the Third Superseding Indictment. (ECF No. 273.) His plea agreement included an agreed-upon sentence of 30 years. (ECF No. 323,

PageID.1391.) In exchange for Defendant's plea, the government agreed to dismiss all remaining charges against him. (*Id.* at PageID.1393.) Defendant waived his right to appeal his conviction "on any grounds," but he did not waive his right to file an ineffective assistance of counsel claim. (*Id.* at PageID.1394.)

On June 28, 2017, the Court sentenced Defendant to 30 years imprisonment, as set forth in the plea agreement. The judgment was entered on June 29, 2017. (ECF No. 366.) This is Defendant's fourth motion for compassionate release or sentence reduction. (*See* ECF No. 607, PageID.4021.) All of his previous motions were denied. (*Id.*)

Defendant states that he is "authorized to file a [§] 3582 motion for relief" because "of the new law that was passed into law under Amendment 814 and 1B1.13." (ECF No. 610, PageID.4042.) He also asks that the Court "appoint a lawyer to represent him in his case." (*Id.*)

**I.  Legal Standard**

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative

2

process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). These motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

## II. Analysis

First, Defendant's motion must be denied as he has not shown nor alleged that he has satisfied the administrative exhaustion requirement

detailed in § 3582(c)(1)(A).[1] *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

Even if Defendant had exhausted the BOP's administrative process, his motion must still be denied because ineffective assistance of counsel is not proper grounds for a § 3582 motion. Defendant argues that he should receive a sentence reduction because "counsel failed to address that in order for Defendant to be convicted of RICO conspiracy the government bears the heavy burden of proving that two predicate acts was [sic] agreed upon to show a pattern of racketeering activity committed by Defendant." (ECF No. 610, PageID.4043 (citing *United States v. Driver*, 535 F.3d 424, 432 (6th Cir. 2008)).) Defendant also states that his counsel should have objected to the "meritless accusations of Defendant being aware of other Latin Counts members distributing drugs." (*Id.*) Defendant's issues with his conviction and sentencing are

---

[1] Defendant states that he is "now authorized" to file this motion under "Amendment 814 & 1B1.13." (ECF No. 610, PageID.4042.) United States Sentencing Guidelines Manual § 1B1.13 and Amendment 814, which went into effect on November 1, 2023, define the circumstances that can constitute an "extraordinary and compelling" reason that would justify a defendant's motion for sentence reduction. *See United States v. Washington*, No. CR 5:13-020-DCR, 2024 WL 150289, at *1 (E.D. Ky. Jan. 10, 2024) (citing U.S.S.G. Amend. 814, eff. Nov. 1, 2023), *reconsideration denied*, No. CR 5:13-020-DCR, 2024 WL 314978 (E.D. Ky. Jan. 26, 2024).

not proper grounds for a motion for compassionate release or sentence reduction. *See United States v. Harris*, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc)). "Generally, a federal prisoner who seeks to collaterally challenge the validity of his sentence must do so by filing a § 2255 motion to vacate." *Id.* [2]

Further, Defendant's motion for appointment of counsel will also be denied. "The Sixth Amendment 'right to appointed counsel extends to the first appeal of right, and no further.'" *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987)). Defendant has not demonstrated that "the interest of justice" require appointment of counsel for his § 3582(c) motion, nor for any § 2255 motion he may bring; Defendant's claims are

---

[2] The Court notes that Defendant previously brought a § 2255 motion to vacate. (*See* ECF No. 602.) Generally, prisoners are not permitted to file more than one § 2255 motion to vacate unless one of two exceptions applies: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). At this time, the Court does not believe Defendant meets either exception here.

meritless. *See* 18 U.S.C. § 3006A(a)(2); *United States v. Jackson*, No. 20-6214, 2021 WL 1560628, at *2 (6th Cir. Mar. 11, 2021).

## III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion for sentence reduction and for appointment of counsel. (ECF No. 610.)

IT IS SO ORDERED.

Dated: April 30, 2024　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2024.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager