# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                    Plaintiff,          Case No. 14-20425-6

v.                                      Judith E. Levy
                                        United States District Judge

Devin Dantzler,
                                        Mag. Judge David R. Grand

                    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION IN SENTENCE [617]

Before the Court is *pro se* Defendant Devin Dantzler's "emergency motion for reduction in sentence" "under the reduction in sentence provisions of 18 U.S.C. 3582(c)(1)(A)(i) as modified by [] the First Step Act." (ECF No. 617, PageID.4064–4065.) For the reasons set forth below, Defendant's motion is denied.

Defendant pled guilty to a RICO conspiracy on January 17, 2017, as set forth in the Third Superseding Indictment. (ECF No. 273.) His plea agreement included an agreed-upon sentence of 30 years. (ECF No. 323, PageID.1391.) In exchange for Defendant's plea, the government agreed

to dismiss all remaining charges against him. (*Id.* at PageID.1393.) Defendant waived his right to appeal his conviction "on any grounds," but he did not waive his right to file an ineffective assistance of counsel claim. (*Id.* at PageID.1394.)

On June 28, 2017, the Court sentenced Defendant to 30 years imprisonment, as set forth in the plea agreement. The judgment was entered on June 29, 2017. (ECF No. 366.) This is Defendant's fifth motion for compassionate release or sentence reduction. *United States v. Dantzler*, No. 14-20425-6, 2024 WL 1887055, at *1 (E.D. Mich. Apr. 30, 2024). All of his previous motions were denied. *Id.*

## I.    Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). Here, Defendant has exhausted his administrative remedies.

2

Motions brought under 18 U.S.C. § 3582(c)(1)(A)(i) require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The applicable policy statement by the Sentencing Commission provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. §

1B1.13(b)(1)–(6). However, the sixth circumstance, a non-retroactive change in the law, was determined to be invalid by the Sixth Circuit in *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025), after Defendant filed this motion.

Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

## II.   Analysis

Defendant argues that extraordinary and compelling reasons warrant a sentence reduction because (1) a "new Policy Statement issued on November 1, 2024" regarding "Youthful Amendment-Section 5H1.1" "merits a reduced federal sentence" under U.S.S.G. § 1B1.13(b)(6), (ECF No. 617, PageID.4067); (2) his sentence is higher than the average and is

a "unwarranted sentencing disparity" (*id.* at PageID.4073), and; (3) he has experienced "extremely restrictive conditions required by the COVID-19 pandemic." (*Id.* at PageID.4074–4075.) Defendant also contends that his rehabilitation constitutes extraordinary and compelling circumstances. (*Id.* at PageID.4079–4080.)

Per U.S.S.G. § 1B1.13, "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, and (5) "Other Reasons." Based on Defendant's filings, his motion appears to be based on § 1B1.13(b)(6)—which the Court may not consider due to *Bricker*—and § 1B1.13(b)(5), "Other Reasons."[1]

---

[1] Although Defendant discusses the conditions of his confinement during the COVID-19 Pandemic (*see* ECF No. 617, PageID.4074–4075), § 1B1.13(b)(1)(D), which concerns ongoing outbreaks of infectious diseases or ongoing public health emergencies, is not relevant here. The outbreak or public health emergency must be "ongoing" and the defendant must be "affected or at imminent risk of being affected." U.S.S.G. § 1B1.13(b)(1)(D)(i). Defendant does not allege that he is currently experiencing an ongoing outbreak or public health emergency.

Additionally, though Defendant discusses his age, § 1B1.13(b)(2) is only relevant to those who are at least 65 years old. Defendant is not 65 years old or older.

### A.    Defendant's Age

Defendant argues that "the new Policy Statement issued on November 1, 2024, Youthful Amendment-Section 5H1.1" merits compassionate release. (ECF No. 617, PageID.4067.) Defendant appears to reference Amendment 829, which became effective on November 1, 2024 and addressed the relevance of age in sentencing per U.S.S.G. § 5H1.1. This argument fails for several reasons.

As of November 1, 2025, U.S.S.G. § 5H1.1 is no longer in effect due to Amendment 836, which removed § 5H1.1 from the Sentencing Guidelines. *See United States v. Vassell*, No. 12 CR. 626 (ER), 2026 WL 1028263, at *4 (S.D.N.Y. Apr. 16, 2026).

Second, Amendment 829's change to § 5H1.1 was not retroactive. *See United States v. Sullivan*, No. 1:23-CR-00093-TWP-MG, 2026 WL 959170, at *1 (S.D. Ind. Apr. 8, 2026). And the Court may no longer consider non-retroactive changes to the Sentencing Guidelines under § 1B1.13(b)(6) due to the Sixth Circuit's opinion in *Bricker*, 135 F.4th 427, which was issued several months after Defendant filed this motion. U.S.S.G. § 1B1.13(b)(6) "posit[ed] that a nonretroactive change in the law can be an 'extraordinary and compelling' reason for release when (1) a

prisoner has served at least 10 years (2) of 'an unusually long sentence,' (3) there is a 'gross disparity' between the actual sentence being served and a hypothetical sentence calculated using the current law, and (4) the court has given full consideration to the defendant's individualized circumstances." *Bricker*, 135 F.4th at 434. Because the Sixth Circuit in *Bricker* invalidated § 1B1.13(b)(6), the Court may not consider it when evaluating Defendant's motion for compassionate release. *Bricker*, 135 F.4th at 450.

There is a pending petition for a writ of certiorari before the Supreme Court regarding the *Bricker* decision, among others. *See* Petition for a Writ of Certiorari, *Orta v. United States*, No. 25-81 (July 18, 2025). Defendant requests that the Court stay the case pending continuing litigation in *Bricker*. (ECF No. 622, PageID.4157.) The Court declines to do so here because Defendant's motion for compassionate relief on this basis is still deficient as § 5H1.1 is no longer in effect.

Finally, Defendant argues that, even if § 1B1.13(b)(6) may not be considered by the Court, his age, combined with his other circumstances, amount to extraordinary and compelling reasons under § 1B1.13(b)(5). (ECF No. 622, PageID.4156.) According to Defendant, his young age at

the time of the offense, 18 years old, warrants a lower sentence at this time. (ECF No. 617, PageID.4069–4070.) But, as set forth in *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021), "identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments." *Id.* at 569. Facts such as Defendant's age were known at the time of his sentencing. And Defendant's out-of-circuit caselaw does not provide any justification for the Court to depart from the Sixth Circuit's binding precedent. (*See* ECF No. 617, PageID.4070–4072.)

As such, Defendant's age at the time of the offense cannot be considered because it does not demonstrate that his "personal circumstances changed *after sentencing* in a way that is 'extraordinary and compelling.'" *Hunter*, 12 F.4th at 569. (emphasis added).

### B.   Sentencing Disparity

Defendant submits that a reduction in sentence is warranted because "the average federal sentence for Murder is 291 months (nationally), and his 360-month federal sentence creates a 'gross disparity'" and, if he was sentenced "today," "his 360-month federal sentence would be substantially lower as federal courts have recognized the 'unwarranted national sentencing disparity' in comparison to what

the sentence would have been imposed today versus when Mr. Dantzler was originally sentenced in 2017." (ECF No. 617, PageID.4072.)

Defendant's argument appears to depend on U.S.S.G. § 1B1.13(b)(6). (*See* ECF No. 617, PageID.4073 ("Such a vast unwarranted sentencing disparity nationally justifies a reduction in sentence to 'time served' or a reduced federal sentence to 180 months of imprisonment consistent with . . . [§] 1B1.13(b)(6).").) For the reasons set forth above, *see supra* II.A., the Court may not consider § 1B1.13(b)(6).

To the extent Defendant's argument does not depend on U.S.S.G. § 1B1.13(b)(6), (*see* ECF No. 622, PageID.4156), Defendant's argument still fails.

Defendant's statements regarding national averages of federal murder sentences are unavailing. Defendant was sentenced in 2017. In his motion, Defendant submits that "the national average for a federal murder sentence in fiscal year 2018 was 291 months," (ECF No. 617, PageID.4073 (citing *United States v. Bryant*, No. CR 95-202-CCB-3, 2020 WL 2085471 (D. Md. Apr. 30, 2020))), and "the average federal sentence for murder in fiscal year 2002 was 232.7 months." (*Id.* (citing *United States v. Rollins*, 540 F. Supp. 3d 804, 813 (N.D. Ill. 2021)).) From this,

9

Defendant appears to argue that if he were sentenced today, "a likely sentence" would be 180 to 291 months of imprisonment and, as such, his sentence should be reduced to time served or 180 months. (*Id.*)

It is not clear to the Court why sentencing averages of 232.7 months to 291 months should result in Defendant's sentence being reduced to time served or 180 months. And the fact that the average federal sentence for murder in 2002 was 232.7 months is not a development that occurred after sentencing. *See Hunter,* 12 F.4th at 569. Finally, an average is just that—an average. A sentence that is above average may nonetheless be the appropriate sentence given the circumstances of a given case. And here, Defendant's 30-year sentence was a term agreed-upon in his plea agreement. (ECF No. 323, PageID.1391.) Defendant does not explain why his sentence would have been lower if he was sentenced in 2025, the year of his motion.

Defendant cites a variety of cases, both in- and out-of-circuit, where district courts purportedly reduced sentences due to disparities. (ECF No. 617, PageID.4074; ECF No. 620, PageID.4139–4141; ECF No. 622, PageID.4156.) However, these cases present circumstances that are entirely different than Defendant's, such as old age and serious medical

conditions,[2] extremely unique circumstances surrounding the defendant's prosecution,[3] or disparities that resulted due to changes in the law.[4] These cases do not demonstrate that a disparity between the average sentence and the actual sentence constitute an extraordinary and compelling circumstance, especially when the sentence was agreed-upon in a plea agreement. And, as set forth below, to the extent there is

---

[2] In *United States v. Monteleone*, No. 92-CR-351 (ARR), 2023 WL 2857559, at *3–4 (E.D.N.Y. Apr. 10, 2023), the district court granting compassionate release motion due to the defendant's advanced age (83 years old), the defendant's confinement to a wheelchair, his serious health issues such as a "life-threatening aortic aneurysm," and his rehabilitation. While the court mentions that the defendant's term of incarceration is "longer than average," that fact was not part of the court's ultimate determination. *See id.* at *4.

[3] *United States v. Kindle*, 718 F. Supp. 3d 845, 846 (N.D. Ill. 2024). The sentence reduction in *Kindle* was due to unique circumstances surrounding the defendant's prosecution; the Bureau of Alcohol, Tobacco, and Firearms "engag[ed] confidential informants to recruit people to rob a fictitious stash house" and those who agreed were then charged. *Id.* at 846. This operation was discontinued and courts "determined that continued imprisonment based on now discontinued stash house stings constituted on its own an extraordinary and compelling reason . . . . sentencing disparities aside." *Id.* at 848.

[4] In the following cases cited by Defendant, the defendants' motions were granted because they would no longer be considered career offenders due to changes in the law. *United States v. Ortiz*, No. 17CR2283-MMA-1, 2023 WL 2229262 (S.D. Cal. Feb. 24, 2023); *United States v. Hutson*, No. 1:10CR00002-020, 2023 WL 4458156, at *2 (W.D. Va. June 6, 2023); *United States v. Coley*, No. 7:96-CR-30013, 2023 WL 2873398, at *3 (W.D. Va. Apr. 10, 2023); *United States v. Barbour*, 688 F. Supp. 3d 335, 341 (W.D. Va. 2023); *United States v. Flakes*, No. 1:14-cr-00214, 2020 U.S. Dist. LEXIS 127346, at *4 (N.D. Ohio July 20, 2020); *United States v. Wahid*, No. 1:14-CR-00214, 2020 WL 4734409, at *2 (N.D. Ohio Aug. 14, 2020).

a disparity between Defendant's sentence and the national average, the Court finds that consideration of this disparity in combination with other factors is insufficient to constitute extraordinary and compelling reasons for compassionate release.

### C.   Conditions of Confinement

Defendant states that another consideration for the Court is the "extremely restrictive conditions required by the COVID-19 pandemic" that he experienced in custody. (ECF No. 617, PageID.4074–4075.)

"[C]ourts in this circuit have rejected such arguments made by defendants." *United States v. Willis*, No. 13-CR-20303-2, 2024 WL 4433065, at \*5 (E.D. Mich. Oct. 7, 2024) (collecting cases). Defendant's circumstances do not warrant a departure from these decisions. As such, the conditions of Defendant's confinement from March 2020 to May 2022 (ECF No. 617, PageID.4091) do not support his motion for a sentence reduction.

### D.   Rehabilitation

Because Defendant has not presented extraordinary and compelling circumstances, the Court may not consider his rehabilitation on its own. *See* U.S.S.G. § 1B1.13(d). Also, the Court is concerned by

Defendant's disciplinary record. Defendant represents that "he has maintained clear conduct over three years to date," (ECF No. 617, PageID.4079), but, according to the government, "two days before the day he dated his motion, [Defendant] was caught and disciplined for possession of a cellular phone." (ECF No. 619, PageID.4118–4119.) Defendant does not confirm or deny that he was disciplined just days before filing this motion, but maintains that his discipline record is not an obstacle to a sentence reduction. (ECF No. 620, PageID.4144.)

The Court disagrees. Defendant does not provide extraordinary and compelling reasons that justify compassionate release, even considering his rehabilitation together with his other arguments. And Defendant's representation of his disciplinary history appears to not be accurate, further weighing against a reduction in sentence.

Because the Court does not find that there are extraordinary and compelling circumstances, the Court need not address the remaining 18 U.S.C. § 3582(c)(1)(A) factors at this time. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021). As such, Defendant's motion for reduction of sentence is denied.

## III.   Conclusion

For the reasons set forth above, the Court DENIES Defendant's

motion for sentence reduction. (ECF No. 617.)

IT IS SO ORDERED.

Dated: April 30, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's
ECF System to their respective email or first-class U.S. mail addresses
disclosed on the Notice of Electronic Filing on April 30, 2026.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager

14